G., C. & S. F. R'y Co. v. W. W. SEBASTIAN.
· (No. 2832.)

APPEAL from Dallas County.   Opinion by WILLSON, J.

*(Transferred from Austin.)*

SHEPARD & MILLER and ALEXANDER & CLARK, counsel for appellant.   No counsel appeared for appellee.

**§ 393.** *Second application for a continuance held suffi-cient.* When this case was called for trial, the defend-ant made an application for a second continuance, be-cause of the absence of the witness Irwin, and showed therein that on September 30, 1887, a subpœna had been issued for the witness, and the same was duly served October 3, 1887. The application showed that defendant told the witness it would pay him his witness fee when he was subpœnaed, and witness said he would not require it in advance. That the witness was in court when the case was called for trial at the preceding term, at which time the case was continued by defendant on account of the absence of the witnesses Smith and Axe. That this witness Irwin was notified by defendant's attorneys on December 15, 1887, that this case was set for trial Janu-ary 3, 1888, and that he must attend and testify, which he promised to do. Defendant expected to prove by the witness that he was thoroughly acquainted with plaint-iff's farm, and with the construction of defendant's rail-way across the same, and that plaintiff's fence was not torn down in the construction of the road. That the only part torn down by the contractors in construction was at the entrance and exit of the railway upon the farm, and that as soon as the fence was removed good and sufficient cattle-stops were placed at each point, and maintained during the entire year of 1886, and that no cattle trespassed upon plaintiff's land and crop suffi-ciently to materially damage the same. That fifty dol-lars would pay all the damage done plaintiff's crops by the construction of the road through his farm. That the only crop materially damaged on plaintiff's farm was that on the right of way, for which plaintiff was paid by defendant before it entered his farm. That witness passed through plaintiff's farm weekly, and would have known any material damage done his crop from the spring of 1886 to September, 1886. That plaintiff never claimed damage for crop of 1886 until one year after the damages here alleged to have accrued, and that on July 10, 1887,

he sued the defendant for damage to the crop of 1887 in the justice's court, Dallas county, and recovered judgment for $49. And that shortly after this judgment was paid, plaintiff began to talk among the neighbors of the damage done him in 1886, and shortly after brought this suit. The application shows that defendant knows of no other witness by which it can prove these facts; that the cause of the absence of the witness is unknown to defendant, and that this continuance is not asked for delay, but that justice may be done. It was agreed by the attorneys for the plaintiff at the time that, to save time, the application might be made orally and without affidavit, and considered and taken as if made in writing and under affidavit. The court overruled the application on the grounds stated, that most of the matters expected to be proved by the witness he would not be permitted to testify to, and because sufficient diligence was not used to procure his testimony. *Held:* The court erred in refusing the continuance. Though a second application, it appears to be in strict compliance with the statutory requirements. [R. S. art. 1278.] Sufficient diligence is shown, and the principal portion of the absent testimony therein set forth is admissible and material.

November 24, 1888.   Reversed and remanded.